[Civ. No. 10249. First Appellate District, Division Two.—April 22, 1937.]

HAROLD E. BARTON, Appellant, v. GEORGE A. CLOUGH et al., Respondents.

Frank V. Campbell, L. H. Schellback and Fred A. Wool for Appellant.

George A. Clough, *in pro. per.,* and Tobin & Tobin for Respondents.

SPENCE, J.—Plaintiff brought this action seeking to set aside a sale under deed of trust or, in the event that he was not entitled to have said sale set aside, then for damages in the sum of $1304.99. The cause was tried by the court

sitting without a jury and from a judgment entered in favor of defendants, plaintiff appeals.

This controversy arose out of the difficulties encountered by a builder in attempting, without sufficient capital, to purchase and develop 23 lots in a tract of land known as the Oak Hill tract, the entire tract consisting of 26 lots. The main parties to this litigation are the plaintiff, who held a lien for work done for the builder in boring a well on lot 2; the defendant George P. Clough, who paid the builder several thousand dollars in a transaction for the purchase of lots 24, 25 and 26 and the construction of a dwelling house thereon without obtaining a deed to said premises; and the defendant George A. Clough, who was a cousin of the last-named defendant and who purchased the first deed of trust upon the premises to protect his cousin's interest therein and thereafter foreclosed under said first deed of trust.

There is practically no conflict in the evidence on the material facts. The original owners executed a first deed of trust upon the premises in 1931 to secure their note for $12,000. Thereafter these owners sold the tract, with the exception of lots, 13, 14 and 15, to the builder, who executed a second deed of trust upon the premises to secure his note for $2,500 in favor of the original owners. The builder then started developing the tract and building certain houses, including the house for defendant George P. Clough on lots 24, 25 and 26. The builder became involved in financial difficulties, many liens were filed and default was made in the payment on both the first and second deeds of trust. In December, 1933, the original owners caused lots 24, 25 and 26 to be reconveyed to the builder and thereafter foreclosed on their second deed of trust. Plaintiff had obtained a judgment establishing his lien on the premises subject only to the priority of the first and second deeds of trust, but it does not appear that there had been a sale pursuant to the order found in the decree in that action. It was stipulated at the trial that the foreclosure of the second deed of trust extinguished all mechanics' liens in so far as the lots other than lots 24, 25 and 26 were concerned and that these last-mentioned lots thereafter remained subject to plaintiff's lien as well as the first deed of trust.

When the notice of default and demand for sale was made under the first deed of trust, defendant George P. Clough found himself in the position where his interest in lots 24, 25

and 26 was seriously jeopardized. Thereupon defendant George A. Clough purchased the first deed of trust in order to protect his cousin's interest and he substituted new trustees. Litigation was threatened by various persons interested in the property and numerous conferences were held in an endeavor to work out some means of protecting these various persons in so far as that might be done. A purported agreement regarding the foreclosure of the first deed of trust was entered into but the authority of the persons executing said agreement was denied by plaintiff and others at or about the time of the foreclosure sale. Notice of sale was given by the trustees and thereafter plaintiff made a demand upon defendant George A. Clough and the trustees ''that you offer to sell and sell the property covered by your deed of trust, excluding said Lots 24, 25 and 26, or so much thereof as may be sufficient to satisfy your deed of trust before you offer for sale or sell the said Lots 24, 25 and 26; that you first offer for sale the said lots individually on which there may be any lien or liens subordinate to your deed of trust''.

At the time of sale, several persons attended, including plaintiff and his attorneys. Defendant George A. Clough announced at that time that he would receive bids on the lots separately but would not sell the same separately unless satisfactory bids were received. This he proceeded to do. Plaintiff protested against offering portions of the property conditionally but the sale proceeded. Plaintiff entered a bid on each lot as offered separately, most of which bids were merely nominal bids of $10 or $25. As to many lots, plaintiff's bids were the only bids made, but there was competitive bidding on others. The highest bid on any lot was the bid of $525 on lot 21. Plaintiff made bids of $10 each on lots 24, 25 and 26 and these bids were the only bids made upon said lots. The sum total of the best bids for all the lots when offered separately was only $2,800, and said defendant then proceeded to offer for sale as a whole the entire tract with the exception of lots 24, 25 and 26. No bid was received in response to said offer. Said defendant then offered for sale as a whole the entire tract including lots 24, 25 and 26 and entered a bid on his own behalf in the sum of $12,000. This was the only bid received in response to this offer and the property was declared sold to said defendant. At that time,

the total amount due to said defendant and secured by said deed of trust was $12,812.41.

Although appellant apparently argues in the first portion of his brief that the sale should be set aside, he concedes at the end of his brief that "since the defendant Hibernia Savings & Loan Society, a corporation, is an innocent third party, appellant is limited to a money judgment for damages instead of having the sale set aside". We need not therefore discuss appellant's contentions set forth in the first portion of his brief with respect to the claimed invalidity of the sale.

Appellant's real contention in support of his claim that he was entitled to a money judgment against certain respondents seems to be based upon his statement that "assuming for the sake of argument the sale was otherwise valid, yet appellant's right to have the assets marshaled was denied". Appellant cites and relies upon sections 2899 and 3433 of the Civil Code, but by the terms of said sections, a creditor is not required to resort to the property in the order therein specified unless it can be done, as stated in said section 2899, "without risk of loss to himself" or, as stated in said section 3433, without impairing his right "to complete satisfaction". It is therefore apparent that appellant's alleged right to compel said respondent to resort to the property in the order specified was a qualified rather than an absolute right. (16 Cal. Jur. 950.) Said respondent did first offer for sale the property, excluding said lots 24, 25 and 26, and we believe it was entirely proper for him to make said offer conditionally. Said respondent could not accept any of the inadequate bids then received without risk of loss to himself and without impairing his right to complete satisfaction. He was therefore entitled under the circumstances to sell the entire tract, including said lots 24, 25 and 26, and there is nothing in the record to show that any right of appellant was denied.

In conclusion, we may state that appellant claims in his briefs that the foreclosure was had *solely* for the purpose of defeating appellant's rights as a subordinate lienholder and that the sale was fraudulent as an abuse of the power of sale under the deed of trust. The record does not sustain these claims. While the record shows that the deed of trust was purchased primarily for the purpose of protecting the in-

terests of respondent George P. Clough, who has paid several thousand dollars to the builder, it appears that the sale thereunder was fairly conducted and that there was no violation of the rights of appellant or of any other person interested in the property.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 21, 1937.